IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CHRISTOPHER LEWIS BARROW, 240955,** :

    **Plaintiff,** :

**vs.** : CIVIL ACTION 17-00141-KD-B

**COMMISSIONER JEFF DUNN,** *et al.,* :

    **Defendants.** :

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Lewis Barrow, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of Barrow's amended complaint (Doc. 4), it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Barrow's action is malicious.

**I. Amended Complaint.** (Doc. 4).

Before the Court is Barrow's amended complaint (doc. 4), which is on this Court's § 1983 complaint form. Barrow was directed to utilize the court-authorized form for prisoner §1983 complaints because his original handwritten complaint was forty-

five pages and was not on the form required by this Court. (Docs. 1, 3, 4). The complaint form asks whether the plaintiff prisoner has filed lawsuits, in state or federal court, dealing with the same or similar facts **or** relating to his imprisonment. (Doc. 4 at 3). Barrow's responses were "no." (Id.). Barrow then proceeded to sign his amended complaint under penalty of perjury. (Id. at 13).

The Court, in screening Barrow's amended complaint under 28 U.S.C. § 1915(e)(2)(B) and (g), discovered in its research on PACER (Public Access to Court Electronic Record) that Barrow has previously filed other actions, namely, Barrow v. Thomas, CA No. 11-00116-WHA-SRW (M.D. Ala. 2011) (converting a mandamus petition challenging the adequacy of medical care to a § 1983 action); Barrow v. Pike Cty., Ala., CA 11-00607-TMH-SRW (M.D. Ala. 2011) (dismissed a mandamus action to compel state officials to act upon his criminal matters for lack of jurisdiction); Barrow v. Ellis, CA 12-00656-WHA-CSC (M.D. Ala. 2015) (dismissing a § 1983 action challenging Barrow's arrest and incarceration); and Barrow v. Miles, CA 16-00634-MHT-SRW (M.D. Ala. pending) (a § 1983 action challenging an arrest and incarceration). In addition to these actions, and after filing the present action on May 4, 2017, Barrow filed Barrow v. McClendon, CA 17-00362-WKW-SRW (M.D. Ala. pending)(a § 1983

2

action challenging a search and seizure). Furthermore, Barrow has filed two habeas petitions, Barrow v. Gordy, 13-00193-TMH-WC (M.D. Ala. 2013) (dismissed for failure to exhaust); and Barrow v. Thomas, CA 14-01260-MHT-SRW (M.D. Ala. 2016) (dismissed for failure to exhaust).

Turning to Barrow's instant amended complaint, a review of the amended complaint reflects that he names as Defendants William Streeter, Warden at J.O. Davis Correctional Facility (J.O. Davis); Jeff Dunn, Commissioner of the Alabama Department of Corrections (ADOC); Angelia Norman, Sergeant at J.O. Davis; and Angie Baggett, ADOC Director of Classification. (Doc. 4 at 5-6). Barrow alleges that on December 12, 2016, he and two hundred other inmates were transferred to J.O. Davis from Atmore Community Work Center. (Id. at 4). He complains about his treatment upon his arrival to J.O. Davis and thereafter by Defendant Norman. (Id. at 6-8). According to Barrow, on December 30, 2016, Defendant Norman singled him out in front of one hundred or more inmates for filing complaints, and later that day, she went through three dorms and shook down the inmates and their personal property. (Id. at 7-8). She told him that he can keep on filing but "ain[']t shit go[ing to] happen." (Id. at 8). She also said that she would fix the inmates for filing complaints and petitions by shaking down

3

inmates and taking their property. (Id.). Barrow asserts that he then became the "object of ridicule and blame by those inmates whose items were taken." (Id.). He was "threatened by several other inmates [who] told him leave that shit alone." (Id.). On January 1, 2017, Barrow sent a formal grievance to Defendant Dunn and the Personnel Director complaining about the conditions at J. O. Davis, but has received no response. (Id. at 5, 9). He also sent a request form and complaint to Defendant Streeter about the conditions of confinement and staff at J.O. Davis. (Id. at 5). Barrow states that he has "been deterred from filing grievances because of retaliation from ADOC staff both within this institution and at its main headquarters." (Id. at 9).

Furthermore, Barrow alleges that on February 18, 2017, he was denied work release, which he attributes to having filed a complaint with ADOC. (Id. at 6). He appealed this decision, and Defendant Baggett also denied him work release in April, 2017, without giving reason. (Id.).

For relief, Barrow requests that Defendants correct any violations and he asks to be compensated for any damages and injuries. (Id. at 13).

4

**II. Analysis.**

   **A. Standard of Review Under § 1915(e)(2)(B)(i) for Maliciousness.**

Because Barrow is proceeding *in forma pauperis*, the Court is required to screen his amended complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss it if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014)(unpublished) (finding the plaintiff abused the judicial process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form); see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); Harris v. Warden, 498 F. App'x 962, 964

5

(11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the complaint form described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process even though he had two), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four

6

actions).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and thereby preventing the plaintiff from re-filing the action. Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); see Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

**B. Application of Law to Facts.**

In Barrow's amended complaint, he did not provide the Court with the requested information regarding his prior cases. (Doc. 4 at 3). Instead, he responded with "no" to the form's questions inquiring about his prior litigation. (Id.). As noted *supra*, PACER reflects that Barrow has previously filed four other non-habeas cases, which he did not list. Thus, when Barrow filed his amended complaint, he knowingly chose not to list these prior actions and then proceeded to sign the amended complaint under penalty of perjury. (Id. at 13).

7

In Rivera, *supra*, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In the subsequent case of Pinson v. Grimes, 391 F. App'x 797 (11th Cir.) (unpublished), cert. denied, 562 U.S. 1013 (2010), the Eleventh Circuit, relying on Rivera, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month. Id. at 799. Accordingly, the Court deems that Barrow's behavior is an abuse of the judicial process that warrants this action's dismissal without prejudice as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes. Rivera, *supra*; Pinson, *supra*.

Moreover, if this action were dismissed, Barrow would be able to re-file it. (Id. at 7). In Alabama, the statute of limitations for filing a § 1983 action is two years from when the claim accrues. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as Barrow identifies December 12,

8

2016 as the date when the first complained of action transpired, the statute of limitations has not expired on his claims. Therefore, Barrow can re-file his action, if he elects. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

## III. **Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the

party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this the **5th** day of **September, 2017.**

                                   **/s/SONJA . BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**